## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re | |
| **CHRISTINE L STAGGS**, | Case No. **12-60517-13** |
| Debtor. | |
| **GREEN TREE SERVICING LLC**, | |
| Plaintiff. | |
| -vs- | |
| **CHRISTINE L STAGGS** and **JAMES FLEISHHAUER**, | Adv No. **13-00039** |
| Defendants. | |

## MEMORANDUM OF DECISION

At Butte in said District this 14th day of March, 2014.

Pending in this adversary procedure are Plaintiff's "Cross-Motion for Summary Judgment" (Document No. 19); and Defendant James Fleischhauer[1]'s ("Fleischhauer") Motion for Summary Judgment (Doc. 23) and motion to strike affidavit of Bill Staggs which was submitted by Plaintiff in support of its Cross-Motion. Plaintiff and Fleischhauer filed their respective briefs in support and opposition, which have been reviewed by the Court. A hearing on these matters was held at Missoula on March 6, 2014. The parties were represented by counsel, and oral argument was heard. After review of the Motions and briefs, these matters are ready for decision. Both motions for summary judgment will be denied, and Fleischhauer's

---

[1]The case docket misspells Defendant's name "Fleishhauer."

1

motion to strike will be denied, for the reasons set forth below.

This Court has exclusive jurisdiction of the above-captioned Chapter 13 bankruptcy case under 28 U.S.C. § 1334(a).  This adversary proceeding is related to the above-captioned Chapter 11 case under § 1334(b).  The parties' pleadings agree that this is a core proceeding under 28 U.S.C. § 157(b)(2)(K) to determine the validity, extent, or priority of liens.

Plaintiff Green Tree Servicing LLC ("Green Tree") was represented at the hearing by attorney Mark M. Smith ("Smith") of Church, Harris, Johnson & Williams P.C., of Great Falls, Montana.  Fleischhauer was represented by attorney K. Michael Sol ("Sol") of Sol & Wolfe Law Firm, PLLP, of Missoula.  Defendant/Debtor Christine L. Staggs ("Debtor") was represented by Andrew W. Pierce of Morgan Pierce, PLLP, Missoula.  No testimony or exhibits were admitted.

Green Tree's complaint seeks a declaratory judgment that its lien is senior and superior to Fleischhauer's lien because his lien does not satisfy Montana's lien statutes and is invalid.  Fleischhauer's answer and counterclaim requests that his lien be deemed valid and therefore first in time and first in right over Green Tree's lien.  Debtor's answer requests that judgment be entered in favor of Green Tree against Fleischhauer, but that the complaint be dismissed against her and requests attorney fees.  Trial is scheduled to commence on March 26, 2014.

Green Tree filed its Cross-Motion for Summary Judgment on January 28, 2014, with a supporting memorandum and a statement of uncontroverted facts, with exhibits.  Fleischhauer filed his motion for summary judgment on February 5, 2014, with a statement of uncontroverted facts, and genuine issues in opposition to Green Tree's statement, and a supporting affidavit.  Fleischhauer filed a motion to strike on February 5, 2014, seeking to strike the affidavit of Bill Staggs which Green Tree included as Ex. 9 attached to its statement of uncontroverted facts

2

(Doc. 21).  Green Tree filed a response in opposition to the motion to strike, and Green Tree

Fleischhauer each filed memoranda in opposition to the other's motion for summary judgment.

Green Tree filed a reply.

## FACTS

**Fleischhauer's Motion.**

Fleischhauer's Motion is accompanied by his statement of uncontroverted facts (Doc. 24)

which sets forth the following:

1.  On September 8, 2006, James Fleischhauer and his wife entered into a promissory note with Christine Staggs and Bill Staggs for the sum of $150,000 at 8% interest per annum. Exhibit A, Affidavit of James Fleischhauer. The Promissory Note allowed the real property described to be security for the loan.

2. An Addendum was added the same day where James Fleischhauer agreed not to file the notice of the Promissory Note for two years, and the Staggs agreed not to "sell or record additional liens on this property." Affidavit of James Fleischhauer, Exhibit C.

3. On September 18, 2007, Christine Staggs, in violation of the agreement with the Fleischhauers, filed a "Promisary Note" with the Clerk and Recorder of Missoula County at Book 885, Page 1324, which was executed by Christine Staggs and her sister, Kelly Youbles, for the sum of $225,000 at 5% interest. Affidavit of James Fleischhauer, Exhibit D.

4. James Fleischhauer found out about the filing, and prepared a "Mechanic Lien" in order to perfect the agreement contained in the Promissory Note that he had with the Staggs, that the property they agreed would be security. Fleischhauer mistakenly believed a "Mechanic Lien" was what a security interest in real property was called. However, "Mechanic Lien" itself clearly stated that the lien was a voluntary lien based on the promissory note, and filed with the Missoula County Clerk and Recorder on January 7, 2008, the "Mechanic Lien," including the Promissory Note, stating the $150,000 principal amount, the date of the Promissory Note, and the interest rate of 8% on the face of the Mechanic Lien, and correctly identifying the real property. The Mechanic Lien and the attached the original Promissory Note were accepted and filed by the Missoula County Clerk and Recorder on that date, at Book 811, Pages 608, 609, and 610.

9. [sic[2]] The Staggs had requested an addendum to the Promissory Note, in which they had agreed not to "record additional liens on the property," in return for Fleischhauer's promise not to record his lien on the property for 24 months after the date of execution. The Promissory Note and the addendum being executed on August 31, 2006, Fleischhauer had agreed not to file the lien until after August 31, 2008.

10. However, after Christine Staggs had filed the "Promisary Note" [sic] on September 19, 2007 at Book 805, Page 1324 in favor of Kelly Youbles, Fleischhauer believed that portion of their agreement had been breached.

11. Chrstine [sic] Staggs took out another additional loan against the property in violation of the "Addendum" by taking out a mortgage with GMAC, dated March 14, 2008 and filed April 1, 2008 at Book 816, Page 310, Records of Missoula County.

12. In January, 2010, Fleischhauer saw that a Trustee's Sale had been scheduled for the property. Exhibit G.

13. On April 16, 2010, Fleischhauer requested a Title Report for the property from First American Title Company of Missoula. There, it was shown that the property was encumbered by Kelly Youbles' "Promisary Note," and by his "Mechanics Lien." The Title Report accurately described the purpose of Fleischhauer's Lien as "amount: $150,000, For: Loan, Promissory Note," and that it had been properly recorded on January 7, 2008, ahead of the GMAC loan recorded April 1, 2008.

14. No payments have ever been made on the amount owed to Fleischhauer. It remains due and owing with the accrued interest at 8%.

Fleischhauer's Motion and statement are supported by an affidavit of James Fleischhauer (Doc. 25), which has attached exhibits. Green Tree did not file a Statement of Genuine Issues pursuant to Mont. LBR 7056-1(a)(2), although it did file a brief combining opposition to Fleischhauer's motion for summary judgment with support for its cross motion for summary judgment (Doc. 20). Under LBR 7056-1(a)(3), "[a]ll material facts in the moving party's Statement of Uncontroverted Facts are deemed to be admitted unless controverted by a Statement

---

[2]Sol left out or skipped numbers 5 through 8.

of Genuine Issues filed by the opposing party." Thus, for purposes of Fleischhauer's motion for summary judgment, Green Tree has admitted the facts asserted in Doc. 24 by operation of LBR 7056-1(a)(3).

Fleischhauer's Motion also is accompanied by his motion to strike (Doc. 26) Bill Staggs' affidavit which Green Tree submitted in support of its own motion, on the grounds it is parole evidence and opinion which would not be admissible under Montana's parole evidence rule, MONT. CODE ANN. ("MCA") § 28-2-905. Fleischhauer moves to strike Bill Staggs' affidavit because it contains hearsay and impermissible oral opinion testimony and violates Montana's parole evidence rule.

However, § 28-2-905(1)(b), quoted by Fleischhauer in his brief, provides that extrinsic evidence concerning a written agreement may be considered, "(b) when the validity of the agreement is the fact in dispute." In interpreting Montana's statutes, the Court looks first to the plain meaning of the words used in interpreting a statute. *In re Maynard*, 2006 MT 162, ¶ 5, 332 Mont. 485, ¶ 5, 139 P.3d 803, ¶ 5. At oral argument Green Tree's counsel argued that Green Tree is challenging the validity of Fleischhauer's lien, and further argued that the statements in Staggs' affidavit are not hearsay to the extent they include statements of an opposing party, Fleischhauer. The Court agrees.

Green Tree's complaint seeks a declaratory judgment that Fleischhauer's lien is defective and subject to Green Tree's senior and superior lien, because Fleischhauer's lien does not comply with Montana's lien statutes. In this Court's view these averments raise the validity of Fleischhauer's agreements with the Debtor which allegedly gave rise to his lien, and thereby invoke § 28-2-905(1)(b). The Montana Supreme Court held in *Rase v. Castle Mountain Ranch*,

5

193 Mont. 209, 220, 631 P.2d 680, 686 (1981), that parol evidence may be permitted under MCA § 28-2-905 when mistake or the validity of the agreement is called into question.

The validity of Fleischhauer's agreement with the Debtor giving rise to his asserted lien is being called into question. Bill Staggs' affidavit which Fleischhauer moves to strike includes statements of a party-opponent, Fleischhauer, which are not hearsay under Rule 801(d)(2)(A). The Court will deny Fleischhauer's motion to strike Bill Staggs' affidavit, and Fleischhauer's counsel may enquire and cross examine Green Tree's witnesses at trial before the Court as finder of fact.

**Green Tree's Motion**.

Green Tree's Cross Motion for Summary Judgment is accompanied by a statement of uncontroverted facts (Doc. 21) which sets forth the following:

1. On or about March 14, 2008, GMAC Mortgage, LLC ("GMAC") loaned $220,000.00 to Christine Staggs. A deed of trust was recorded on or around April 1, 2008, at Instrument No;. 200807134 in the Official Records of Missoula County (the "Deed of Trust"), against Mrs. Stagges personal resicence located at 420 SW Hisggins, Missoula, MT, 59803, and more particularly described as Elms, #4, Lot 4, Block 5, Missoula, Montana, Missoula County (the "Staggs Residence"). Aff. Shelly Walz ¶ 1 (Jan. 24, 2014) (Attached as Ex. 1); Deed of Trust (Apr. 1, 2008) (Attached as Ex. 2).

2. Mrs. Staggs has not repaid her debt to Green Tree. Aff. Walz ¶ 4. GMAC filed a secured proof of claim in this case for $248,272.73 on July 19, 2012 (Claim # 14-1). (Attached as Ex. 3). GMAC's payoff as of July 19, 2012 was $248,272.73. *Id.* GMAC also filed a Notice of Post-petition Mortgage Fees, Expenses and Charges on October 23, 2012. (Attached as Ex. 4). GMAC filed a Notice of Transfer of Claim to Green Tree on February 19, 2013 (Doc. # 41) (Attached as Ex. 5).

3. James Fleischhauer filed a secured proof of claim in the bankruptcy in the amoutn of $242,014.20 on August 6, 2012 (Claim # 15-1). (Attached as Ex. 6). Mr. Fleischhauer bases his Proof of Claim on a promissory note for $150,000.00, dated August 31, 2006, to Mrs. Staggs and Mrs. Staggs's husband.

(Promissory Note attached as Ex. 7). This amount represented the payment for certain equipment in Mississippi. *Id.* Payments on the note were to be deferred for 60 months, with an option for another 12 month deferment. *Id.* The parties agreed that the note would be exempt from any bankruptcy proceedings. *Id.* In an Addendum to the Promissory Note, Mr. Fleischhauer promised to not record a lien for 24 months, that is, until about September 8, 2008. *Id.* The Promissory Note also stated that the Staggs would not to [sic] sell or record additional liens on the Staggs Residence. *Id.*

4.  Mr. Fleischhauer attempted to secure that debt with an instrument titled a "Mechanic Lien." The Mechanic Lien and accompanying Promissory Note were recorded on or around January 7, 2008, at Instrument No. 200800375 in the Official Records of Missoula County (The "Mechanic Lien"). (Attached as Ex. 7 with the Promissory Note). The Mechanic Lien states that it is filed pursuant to Title 71, Ch. 3 of the Mont. Code Ann., which governs construction liens. *Id.* It was not signed by Mr. or Mrs. Staggs; Mr. Fleischhauer never performed any construction services; and the lien was not enforced until this bankruptcy, over two years after filing. *Id.*; See *also* Fleischhauer Answer to Green Tree's Adversary Complaint and Counterclaim ¶ 1 (Attached as Ex. 8).

5.  Bill Staggs, the debtor's husband, has signed an Affidavit raising doubts about the validity of the Fleischhauer's Mechanic Lien. First, Mr. Fleischhauer told Mr. Staggs that he would tear up the Promissory Note after the underlying equipment deal fell through. Mr. Fleischhauer, of course, did not tear up the Promissory Note and now tries to enforce it. Aff. Bill Staggs ¶ 1 (Jan. 27, 2014) (Attached as Ex. 9). Mr. Staggs never kept the equipment allegedly sold to him, and Mr. Fleischhauer has always paid the taxes and costs associated with that equipment. *Id.* Second, Mr. Fleischhauer was aware that the Staggs never received money from Kelly Youbles pursuant to her promissory note with the Staggs. *Id.* at ¶ 2.

6.  Debtor, Christine Staggs, filed an Objection to Mr. Fleischhauer's Proof of Claim on January 3, 2013 (Doc. #35) (Attached as Ex. 10). Mrs. Staggs objected because the amount of Green Tree's first mortgage is more than the value of the Staggs Residence. *Id.* Mrs. Staggs also filed an Amended Objection to Mr. Fleischhauer's Proof of Claim on Mach [sic] 6, 2013 (Doc. #45), again citing the lack of security for Mr. Fleischhauer's claim. (Attached as Ex. 11). In her Amended Objection, Mrs. Staggs also stated that Mr. Fleischhauer's lien is invalid because the lien is improperly based on a promissory note by way of a mechanic's lien, rather than a trust indenture or a mortgage. *Id.*

7.  Mrs. Staggs also contested the validity of the Fleischhauers' Mechanic Lien her [sic] Amended Answer and Counterclaim, alleging that Mr. Fleischhauer

7

breached his original underlying agreement with her and her husband. (Attached as Ex. 12 at ¶¶ 3-4). Specifically, Mrs. Staggs alleged that Mr. Fleischhauer breached by filing a lien before August 31, 2008.

8. The Staggs Residence has been listed as real property in the bankruptcy. Schedule A (Attached as Ex. 13). According to bankruptcy filings from Mrs. Staggs, the current value of the Staggs Residence is at most $179,000. *Id.*

9. Neither Defendant James Fleischhauer nore Christine L. Staggs contest the validity of Green Tree's lien. *See e.g.* Fleischhauer Counterclaim, Ex. 8, and Staggs' Answer and Amended Answer, Ex. 12. In his Answer and Counterclaim, James Fleischhauer only contests that his Mechanic Lien is a valid lien with priority over Green Tree's lien. *Id.*

10. Green Tree was not given actual notice of Mr. Fleischhauer's "Mechanic Lien" before recording its Deed of Trust. Aff. Walz ¶ 5. Green Tree's Loan Policy of Title Insurance does not show Mr. Fleischhauer's lien. (Policy Attached as Ex. 14).

(Doc. 21).

As part of Fleischhauer's statement of undisputed facts (Doc. 24), he also included the

following "Genuine Issues":

1. Is a "Mechanic's Lien," that properly describes a promissory note and a voluntary agreement to secure specific real property, properly filed with the Missoula County Clerk and Record a valid security interest in the described real property?

2. Is the "Mechanic's Lien", properly filed with the Missoula County Clerk and Recorder on January 7, 2008 Book 811, Pages 608, 609, and 610 a superior lien to the Trust Indenture filed by GMAC April 1, 2008 at Book 816, Page 310, Records of Missoula County?

## DISCUSSION

### I. Summary Judgment.

Summary judgment is governed by FED. R. BANKR. P. 7056. Rule 7056, incorporating

FED. R. CIV. P. 56(c), states that summary judgment "should be rendered if the pleadings, the

8

discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  "The proponent of a summary judgment motion bears a heavy burden to show that there are no disputed facts warranting disposition of the case on the law without trial."  *Younie v. Gonya (In re Younie)*, 211 B.R. 367, 373 (9th Cir. BAP 1997) (quoting *Grzybowski v. Aquaslide "N' Dive Corp. (In re Aquaslide "N" Dive Corp.)*, 85 B.R. 545, 547 (9th Cir. BAP 1987)).

When seeking summary judgment, the moving party must initially identify those portions of the record before the Court which it believes establish an absence of material fact.  *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n.*, 809 F.2d 626, 630 (9th Cir. 1987).  If the moving party adequately carries its burden, the party opposing summary judgment must then "set forth specific facts showing that there is a genuine issue for trial." *Kaiser Cement Corp. v. Fischback & Moore, Inc.*, 793 F.2d 1100, 1103-04 (9th Cir. 1986), *cert. denied*, 469 U.S. 949 (1986); FED. R. CIV. P. 56(e).  *See also Frederick S. Wyle Prof'l. Corp. v. Texaco, Inc.*, 764 F.2d 604, 608 (9th Cir. 1985) ("the opponent must affirmatively show that a material issue of fact remains in dispute").  That is, the opponent cannot assert the "mere existence of some alleged factual dispute between the parties." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).  Moreover, "[a] party opposing summary judgment may not simply question the credibility of the movant to foreclose summary judgment." *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 997 (9th Cir. 2001).

To demonstrate that a genuine factual issue exists, the objector must produce affidavits which are based on personal knowledge and the facts set forth therein must be admissible into evidence. *Aquaslide*, 85 B.R. at 547.  All reasonable doubt as to the existence of genuine issues

9

of material fact must be resolved against the moving party. *Liberty Lobby,* 477 U.S. at 247-48, 106 S.Ct. at 2509. If a rational trier of fact might resolve disputes raised during summary judgment proceedings in favor of the nonmoving party, summary judgment must be denied. *T.W. Elec. Serv.*, 809 F.2d at 630; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 202 (1986). Thus, the Court's ultimate inquiry is to deter-mine whether the "specific facts" set forth by the nonmoving party, viewed along with the undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence. *T.W. Elec. Serv.*, 809 F.2d at 631. In the absence of any disputed material facts, the inquiry shifts to whether the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2552-53.

**II. The Motions.**

Considering these cross motions for summary judgment together, this Court finds that neither Green Tree nor Fleischhauer has satisfied their heavy burden under Rule 56 to show that there are no disputed facts warranting disposition of the case on the law without trial. *Younie*, 211 B.R. at 373. Frankly, at this stage of this adversary proceeding it appears to the Court that Fleischhauer has an uphill climb to prove that his "Mechanic's Lien" satisfies the requirements of Montana lien statutes. However, this Court cannot in good faith conclude that the facts as shown at present, are such that a rational or reasonable jury might return a verdict in Green Tree's favor based on the evidence, or instead in favor of Fleischhauer. *T.W. Elec. Serv.*, 809 F.2d at 631. It appears instead that there remain, at least, mixed questions of facts and law regarding whether Fleischhauer's "Mechanic's Lien" satisfies the requirements of Montana's lien statutes.

10

Section § 71-1-204, MCA, states that a mortgage "may" be made in a form suggested therein, and MCA §§ 71-1-203 and 71-1-206(1) require that a mortgage be in writing, with the formalities required in the case of a grant of real property, and must state the amount of future advances or total indebtedness.  Given these requirements, and the parties' heavy burdens for summary judgment, and the fact that the validity of Fleischhauer's agreement with the Debtor is in dispute, the Court deems the more appropriate approach to be to go forward with trial and let counsel present their witnesses and exhibits, subject to objection, and cross examine the other side's witnesses, followed by the parties summarizing the evidence and their legal arguments in written briefs submitted after trial.

**IT IS ORDERED** a separate Order shall be entered in conformity with the above:  (1) denying Fleischhauer's motion for summary judgment; (2) denying Fleischhauer's motion to strike Bill Staggs affidavit; and (3) denying Green Tree's Cross-Motion for Summary Judgment.

BY THE COURT

_Ralph B Kirscher_

HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana

11