UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**CHRISTINE L STAGGS**,<br><br>Debtor. | Case No. **12-60517-13** |
| **GREEN TREE SERVICING LLC**,<br><br>Plaintiff.<br><br>-vs-<br><br>**CHRISTINE L STAGGS** and **JAMES FLEISHHAUER**,<br><br>Defendants. | Adv No. **13-00039** |

# MEMORANDUM OF DECISION

At Butte in said District this 18th day of March, 2014.

Pending in this adversary procedure is the amended motion for summary judgment (Document No. 35) filed by Defendant/Debtor Christine L. Staggs ("Debtor" or "Christine") which seeks dismissal of all claims for a declaratory judgment against her, plus an award of her attorney fees. An objection (Doc. 41) was filed by Plaintiff Green Tree Servicing LLC ("Green Tree") on the grounds that Debtor's interest in her property will be directly affected by this adversary proceeding. A hearing on Christine's motion was held at Missoula on March 6, 2014. The parties were represented by counsel, and the Court took the matter under advisement. After review of the motions and briefs, the agreed facts, and applicable law, Christine's motion for summary judgment will be granted in part and Christine will be dismissed as a party-defendant

from this adversary proceeding, but her request for an award of attorney's fees will be denied based on the "American Rule."

This Court has exclusive jurisdiction of Christine's bankruptcy case under 28 U.S.C. § 1334(a). This adversary proceeding is related to the above-captioned Chapter 13 case under § 1334(b). The parties' pleadings agree that this is a core proceeding under 28 U.S.C. § 157(b)(2)(K) to determine the validity, extent, or priority of liens.

Green Tree was represented at the hearing by attorney Mark M. Smith ("Smith") of Church, Harris, Johnson & Williams P.C., of Great Falls, Montana. Christine was represented by Andrew W. Pierce of Morgan Pierce, PLLP, Missoula. No testimony or exhibits were admitted.

Green Tree's complaint seeks a declaratory judgment that its lien is senior and superior to the lien of Defendant James Fleischhauer ("Fleischhauer") because his lien does not satisfy Montana's lien statutes and is invalid. Fleischhauer's answer and counterclaim requests that his lien be deemed valid and therefore first in time and first in right over Green Tree's lien. Debtor's answer requests that judgment be entered in favor of Green Tree against Fleischhauer, but further requests that the complaint be dismissed against her, and requests attorney fees. Trial is scheduled to commence on March 26, 2014.

Christine filed her motion for summary judgment on February 26, 2014, and filed with the motion her supporting brief and an exhibit consisting of Green Tree's response to a request for admission which states that Christine is a necessary party to this declaratory action because her interest in the property securing Green Tree's lien is property of the estate and will be directly affected by the outcome of this adversary proceeding. Christine also filed a "Statement of Stipulated Facts" (Doc. 33) which stipulates to the Statement of Uncontroverted Facts (Doc. 21)

2

filed by Green Tree in support of its cross-motion[1] for summary judgment.  Green Tree filed a brief in opposition to Christine's motion on March 11, 2014, but did not file a statement of genuine issues and states that for purposes of Christine's motion, "there is no issue of disputed fact" between Green Tree and Christine.  Under LBR 7056-1(a)(3), "[a]ll material facts in the moving party's Statement of Uncontroverted Facts are deemed to be admitted unless controverted by a Statement of Genuine Issues filed by the opposing party."  Thus, for purposes of Christine's motion for summary judgment, Green Tree has admitted the facts asserted in its own statement of uncontroverted facts (Doc. 21) which sets forth the following:

>    1.  On or about March 14, 2008, GMAC Mortgage, LLC ("GMAC") loaned $220,000.00 to Christine Staggs.  A deed of trust was recorded on or around April 1, 2008, at Instrument No;. 200807134 in the Official Records of Missoula County (the "Deed of Trust"), against Mrs. Stagges personal resicence located at 420 SW Hisggins, Missoula, MT, 59803, and more particularly described as Elms, #4, Lot 4, Block 5, Missoula, Montana, Missoula County (the "Staggs Residence").  Aff. Shelly Walz ¶ 1 (Jan. 24, 2014) (Attached as Ex. 1); Deed of Trust (Apr. 1, 2008) (Attached as Ex. 2).
>
>    2.  Mrs. Staggs has not repaid her debt to Green Tree.  Aff. Walz ¶ 4.  GMAC filed a secured proof of claim in this case for $248,272.73 on July 19, 2012 (Claim # 14-1).  (Attached as Ex. 3).  GMAC's payoff as of July 19, 2012 was $248,272.73.  *Id.*  GMAC also filed a Notice of Post-petition Mortgage Fees, Expenses and Charges on October 23, 2012.  (Attached as Ex. 4).  GMAC filed a Notice of Transfer of Claim to Green Tree on February 19, 2013 (Doc. # 41) (Attached as Ex. 5).
>
>    3.  James Fleischhauer filed a secured proof of claim in the bankruptcy in the amoutn of $242,014.20 on August 6, 2012 (Claim # 15-1).  (Attached as Ex. 6).  Mr. Fleischhauer bases his Proof of Claim on a promissory note for $150,000.00, dated August 31, 2006, to Mrs. Staggs and Mrs. Staggs's husband.  (Promissory Note attached as Ex. 7).  This amount represented the payment for certain equipment in Mississippi.  *Id.*  Payments on the note were to be deferred for 60 months, with an option for another 12 month deferment.  *Id.*  The parties

---

[1]Green Tree's cross motion for summary judgment is the subject of a separate Memorandum of Decision.

agreed that the note would be exempt from any bankruptcy proceedings. *Id.* In an Addendum to the Promissory Note, Mr. Fleischhauer promised to not record a lien for 24 months, that is, until about September 8, 2008. *Id.* The Promissory Note also stated that the Staggs would not to [sic] sell or record additional liens on the Staggs Residence. *Id.*

    4. Mr. Fleischhauer attempted to secure that debt with an instrument titled a "Mechanic Lien." The Mechanic Lien and accompanying Promissory Note were recorded on or around January 7, 2008, at Instrument No. 200800375 in the Official Records of Missoula County (The "Mechanic Lien"). (Attached as Ex. 7 with the Promissory Note). The Mechanic Lien states that it is filed pursuant to Title 71, Ch. 3 of the Mont. Code Ann., which governs construction liens. *Id.* It was not signed by Mr. or Mrs. Staggs; Mr. Fleischhauer never performed any construction services; and the lien was not enforced until this bankruptcy, over two years after filing. *Id.*; See *also* Fleischhauer Answer to Green Tree's Adversary Complaint and Counterclaim ¶ 1 (Attached as Ex. 8).

    5. Bill Staggs, the debtor's husband, has signed an Affidavit raising doubts about the validity of the Fleischhauer's Mechanic Lien. First, Mr. Fleischhauer told Mr. Staggs that he would tear up the Promissory Note after the underlying equipment deal fell through. Mr. Fleischhauer, of course, did not tear up the Promissory Note and now tries to enforce it. Aff. Bill Staggs ¶ 1 (Jan. 27, 2014) (Attached as Ex. 9). Mr. Staggs never kept the equipment allegedly sold to him, and Mr. Fleischhauer has always paid the taxes and costs associated with that equipment. *Id.* Second, Mr. Fleischhauer was aware that the Staggs never received money from Kelly Youbles pursuant to her promissory note with the Staggs. *Id.* at ¶ 2.

    6. Debtor, Christine Staggs, filed an Objection to Mr. Fleischhauer's Proof of Claim on January 3, 2013 (Doc. #35) (Attached as Ex. 10). Mrs. Staggs objected because the amount of Green Tree's first mortgage is more than the value of the Staggs Residence. *Id.* Mrs. Staggs also filed an Amended Objection to Mr. Fleischhauer's Proof of Claim on Mach [sic] 6, 2013 (Doc. #45), again citing the lack of security for Mr. Fleischhauer's claim. (Attached as Ex. 11). In her Amended Objection, Mrs. Staggs also stated that Mr. Fleischhauer's lien is invalid because the lien is improperly based on a promissory note by way of a mechanic's lien, rather than a trust indenture or a mortgage. *Id.*

    7. Mrs. Staggs also contested the validity of the Fleischhauers' Mechanic Lien her [sic] Amended Answer and Counterclaim, alleging that Mr. Fleischhauer breached his original underlying agreement with her and her husband. (Attached as Ex. 12 at ¶¶ 3-4). Specifically, Mrs. Staggs alleged that Mr. Fleischhauer breached by filing a lien before August 31, 2008.

       8. The Staggs Residence has been listed as real property in the bankruptcy. Schedule A (Attached as Ex. 13). According to bankruptcy filings from Mrs. Staggs, the current value of the Staggs Residence is at most $179,000. *Id.*

       9. Neither Defendant James Fleischhauer nor Christine L. Staggs contest the validity of Green Tree's lien. *See e.g.* Fleischhauer Counterclaim, Ex. 8, and Staggs' Answer and Amended Answer, Ex. 12. In his Answer and Counterclaim, James Fleischhauer only contests that his Mechanic Lien is a valid lien with priority over Green Tree's lien. *Id.*

       10. Green Tree was not given actual notice of Mr. Fleischhauer's "Mechanic Lien" before recording its Deed of Trust. Aff. Walz ¶ 5. Green Tree's Loan Policy of Title Insurance does not show Mr. Fleischhauer's lien. (Policy Attached as Ex. 14).

(Doc. 21).

Additional uncontested facts are shown by the case docket and claims register in Christine's Chapter 13 case. Green Tree's Proof of Claim No. 14 (originally filed by GMAC Mortgage LLC on July 19, 2012), asserts a secured claim in the amount of $284,272.73 secured a deed of trust on Debtor's residence. No objection has been filed to date, and thus Green Tree's secured claim is deemed allowed.

Debtor filed an objection to Fleischhauer's Proof of Claim No. 15, but the Court overruled Debtor's objection by Order (Doc. 48) entered on March 6, 2013, on the ground that her demand for relief requires an adversary proceeding. The Court granted the Debtor leave to file an adversary proceeding, but she has not.

Debtor's Chapter 13 Plan was confirmed. The Plan treats the predecessor to Green Tree's secured claim as unimpaired, and Fleischhauer's then-unfiled secured claim was to be treated in an amount of $0.00 as unsecured after lien avoidance. The Chapter 13 Trustee consented to confirmation, but after Fleischhauer filed his Proof of Claim the Trustee filed a motion to vacate

5

confirmation on the grounds the Plan fails to provide for Fleischhauer's allowed secured claim. The Debtor opposed vacating confirmation, and after several delays the Court denied the Trustee's motion by Order entered on September 6, 2013.

The Court's Order directed the Trustee to hold onto all plan payments received from the Debtor until the conclusion of the adversary proceeding to determine the validity, priority or extent of Fleischhauer's lien, and that if the decision in the adversary proceeding is subject to an appeal then the Debtor will be required to file a modified plan.

Green Tree included Christine as a party-defendant in its complaint for declaratory judgment. Christine's answer admits the validity of Green Tree's lien, but denies any liability to Green Tree, or to Fleischhauer, and she asks for dismissal of all claims against her and an award of attorney fees.

## DISCUSSION

Summary judgment is governed by FED. R. BANKR. P. 7056. Rule 7056, incorporating FED. R. CIV. P. 56(c), states that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." "The proponent of a summary judgment motion bears a heavy burden to show that there are no disputed facts warranting disposition of the case on the law without trial." *Younie v. Gonya (In re Younie)*, 211 B.R. 367, 373 (9th Cir. BAP 1997) (quoting *Grzybowski v. Aquaslide "N' Dive Corp. (In re Aquaslide "N" Dive Corp.)*, 85 B.R. 545, 547 (9th Cir. BAP 1987)).

When seeking summary judgment, the moving party must initially identify those portions of the record before the Court which it believes establish an absence of material fact. *T.W. Elec.*

*Serv., Inc. v. Pacific Elec. Contractors Ass'n.*, 809 F.2d 626, 630 (9th Cir. 1987).  If the moving party adequately carries its burden, the party opposing summary judgment must then "set forth specific facts showing that there is a genuine issue for trial." *Kaiser Cement Corp. v. Fischback & Moore, Inc.*, 793 F.2d 1100, 1103-04 (9th Cir. 1986), *cert. denied*, 469 U.S. 949 (1986); FED. R. CIV. P. 56(e).  *See also Frederick S. Wyle Prof'l. Corp. v. Texaco, Inc.*, 764 F.2d 604, 608 (9th Cir. 1985) ("the opponent must affirmatively show that a material issue of fact remains in dispute").  In the absence of any disputed material facts, the inquiry shifts to whether the moving party is entitled to judgment as a matter of law.  *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2552-53.

Christine stipulated to Green Tree's statement of uncontroverted facts, and Green Tree's response brief admits that no issues of disputed fact exist between Green Tree and Christine and only a legal question exists as to whether Christine should be included in Green Tree's declaratory judgment action.  Based on Green Tree's admission, the Court concludes that Christine has satisfied her burden to show that no genuine issue of material fact exist.

As to whether Christine is entitled to summary judgment as a matter of law, Green Tree argues that Christine should be included in the action because her rights and interests in the property are affected by this suit, and she should be kept in this adversary proceeding to challenge the legitimacy of the Fleischhauer promissory note.  Green Tree cites no case law in support of this argument.  Regardless of the outcome, Green Tree argues that Christine is not entitled to attorney fees under the "American Rule."

Christine argues that Green Tree's declaratory action seeks relief against Fleischhauer, not against her, and Green Tree is not entitled to judgment against her because no case or controversy exists between them, although she agrees that Green Tree is entitled to judgment

against Fleischhauer.

The case docket in the above-captioned Chapter 13 case shows that no objection has been filed to the allowance of Green Tree's secured claim asserted in Proof of Claim No. 14, and Green Tree's secured claim is deemed allowed by statute, under 11 U.S.C. § 502(a). The validity or extent of Green Tree's secured claim with respect to the Debtor, and with respect to property of the estate, has been determined by statute, and is not at issue and is not a pending case or controversy. Lien priority remains at issue between Green Tree and Fleischhauer. The result may or may not affect Debtor's plan.

While a trustee is the legal representative of the bankruptcy estate with the capacity to sue and be sued, *In re Stoll*, 252 B.R. 492, 495 (9th Cir. BAP 2000), in chapter 12 and chapter 13 cases the success of a debtor's plan may depend upon the debtor being able to argue successfully that the debt asserted as a priority claim or a secured claim, which must often be paid in full, is excessive or invalid. Typically, the trustee in chapter 12 or chapter 13 cases does not view it as his or her role to object to particular claims except, perhaps, if they have been tardily filed.

Christine may or may not have standing to object to Fleischhauer's claim, but she does not have a pending objection to Fleischhauer's claim, and she does not want to be part of this adversary proceeding. Instead, Debtor opts to let Green Tree take the lead in objecting to Fleischhauer's claim and seeking to declare it invalid and/or subject to Green Tree's prior lien in this adversary proceeding. No obligation exists for the Debtor to participate in this adversary proceeding as a party-defendant, nor is her presence as a party-defendant necessary to determine the relative priority of liens, or the validity or allowance of Fleischhauer's claim and lien. On the

other hand, having opted to let Green Tree take the lead, Debtor will be bound by the results,[2] as noted in the main case.

Green Tree has standing to object to Fleischhauer's claim because Green Tree's alleged injury caused by Fleischhauer's asserted mechanic's lien is "particular and personal" to Green Tree as a creditor claiming a first lien against Debtor's residence, rather than an injury general and common to all creditors. *Stoll*, 252 B.R. at 495-96; *In re Sunshine Precious Metals, Inc.*, 157 B.R. 159, 163 (Bankr. D. Idaho 1993).

In the main case, the Debtor's Chapter 13 Plan was confirmed by Order entered on May 29, 2012. The confirmed Plan treats Green Tree's predecessor's secured claim as an unimpaired secured claim which shall receive no payments through the Plan. Therefore, between the Debtor and Green Tree no pending case or controversy exists. Green Tree's secured claim is allowed and unimpaired. Green Tree's declaratory judgment request does not seek any relief against Christine except its attorney fees, but she does not dispute Green Tree's lien or claim. In this Court's view the result of this adversary proceeding and its effect on property of the estate is insufficient reason to force Christine to remain a defendant in this adversary proceeding, and summary judgment shall be entered dismissing Christine as a party-defendant.

With respect to Christine's request for attorney fees, she cites no contractual or statutory basis for such fees. The American Rule denies attorney's fees in the absence of contract, applicable statute, or other exceptional circumstances, and any exceptions to the American Rule are narrowly circumscribed. *Travelers Cas.. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.,* 549

---

[2]Green Tree's secured claim, so far as the record shows, remains unencumbered under the confirmed Plan. If Fleischhauer prevails in this adversary proceeding the Debtor will be required under this Court's Order to modify her plan to accommodate his allowed secured claim.

U.S. 443, 448, 127 S.Ct. 1199, 1203 (2007)*; In re Acequia*, *Inc.*, 34 F.3d 800, 819 (9th Cir. 1994) (quoting *Richardson v. Alaska Airlines, Inc.*, 750 F.2d 763, 765 (9th Cir. 1984)). The Rule can be overcome by statute or an enforceable contract. *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.,* 549 U.S. at 448, 127 S.Ct. at 1203. Since the record shows that Green Tree's claim is unimpaired, and no suggestion is made of a breach by Christine or Green Tree of the loan agreements, the American Rule applies, and Christine's request for attorney fees is denied in accordance with that rule.

**IT IS ORDERED** a separate Order and Judgment shall be entered in conformity with the above granting Christine's motion for summary judgment in part and dismissing her as a party-defendant in this adversary proceeding, but denying her request for attorney fees.

BY THE COURT

*/s/ Ralph B. Kirscher*
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana